**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5208-16T1

A.R.,

     Petitioner-Appellant,

v.

MERCER COUNTY BOARD
OF SOCIAL SERVICES,

     Respondent-Respondent.

_____

          Submitted September 24, 2019 – Decided  September 30, 2019

          Before Judges Fisher and Rose.

          On appeal from the New Jersey Department of Human Services, Division of Family Development, Agency Docket No. C129715011.

          A.R., appellant pro se.

          Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa H. Raksa, Assistant Attorney General, of counsel; Mark D. McNally, Deputy Attorney General, on the brief).

PER CURIAM

In May 2017, A.R. applied to the Mercer County Board of Social Services for emergency housing assistance pursuant to N.J.S.A. 44:10-51, and N.J.A.C. 10:90-6.1 to -6.10. His application was denied. A.R. appealed, and the matter was transferred to the Office of Administrative Law as a contested case. An administrative law judge conducted a hearing in July 2017 and determined that A.R. exhausted his lifetime allotment of emergency assistance and was otherwise ineligible for relief through any existing program. The Department of Human Services adopted the ALJ's determination as its final decision.

A.R. appeals that final agency decision to this court, arguing he was improperly denied emergency assistance. The record, however, establishes there was no dispute that A.R.'s twelve-month lifetime eligibility limit had been exhausted, N.J.A.C. 10:90-6.4(a); in fact, A.R. had already received forty months of emergency assistance. And, while regulations authorize further relief when a county welfare agency determines a recipient has taken reasonable steps to resolve the situation that prompted the emergency, N.J.A.C. 10:90-6.4(b), the agency found no such ground for relief. We find insufficient merit in A.R.'s arguments that the agency abused its discretion or misapprehended the applicable laws and regulations to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

3